UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAROLINE SWARTZ,
    Plaintiff,

-vs.-                                      **DEMAND FOR JURY TRIAL**

AMSHER COLLECTION SERVICES, INC.,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Amsher Collection Services, Inc. which is an Alabama company that maintains registered offices in Ingham County.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Huron County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Prosper Marketplace, Inc. in the amount of $371.13.

7. Sometime in October 2012, Defendant started calling Plaintiff in an attempt to collect on this alleged debt. At this time, Plaintiff set up payment arrangements with Defendant. Plaintiff agreed to pay about $49.00 a month on the alleged debt.

8. Plaintiff made these $49.00 payments for November 2012, December 2012 and January 2013.

9. Sometime during the beginning of March 2013, Defendant called Plaintiff attempting to collect on this alleged debt since Plaintiff stopped paying Defendant.

10. During this conversation, Defendant tried to make payment arrangements with Plaintiff. Plaintiff told Defendant that she could pay $50.00. Defendant replied by saying, "You cannot do that. You have to pay at least half of the debt or we will send a letter to your employer to make sure you are employed. We will call your employer to confirm that you are employed." Defendant then told Plaintiff that she was staying in the office until 9:00 p.m. that night to collect specifically on Plaintiff's debt.

11. Defendant was misleading Plaintiff to believe that it could garnish her wages. Defendant had no present right or intention to garnish Plaintiff's wages.

12. Later this day, Plaintiff tried to call Defendant back to tell her that she could afford to pay them $75.00. Plaintiff called Defendant back sometime after 8:00 p.m. but before 9:00 p.m. and nobody answered the phone.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

March 15, 2013
/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
TRAVIS SHACKELFORD P68710
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff